# FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form shall be filed by the plaintiff or petitioner for the use of the Clerk of the Court for the purpose of reporting judicial workload data pursuant to Florida Statutes section 25.075.

## I. CASE STYLE

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT,
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

Case No.:_____
Judge: _____

Ivan Stanojevic, Yvette Saavedra, Adela Porutiu, Phillip Lopez, Adam Sabin, Velisa Savic, Claudia Fundora, Jeanne McCue, Maria Errea, Nikola Kasalica
 Plaintiff
     vs.
CG RYC, LLC, CG RYC Owner, LLC, Food and Leverage, LLC d/b/a River Yacht Club
Defendant

## II. TYPE OF CASE

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999

- ☐ Non-homestead residential foreclosure $250,00 or more
- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☒ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☐ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☒ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

III. **REMEDIES SOUGHT** (check all that apply):
- ☒ Monetary;
- ☒ Non-monetary
- ☒ Non-monetary declaratory or injunctive relief;
- ☒ Punitive

IV. **NUMBER OF CAUSES OF ACTION:** ( )
(Specify)

<u>3</u>

V. **IS THIS CASE A CLASS ACTION LAWSUIT?**
- ☐ Yes
- ☒ No

VI. **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
- ☒ No
- ☐ Yes – If "yes" list all related cases by name, case number and court:

VII. **IS JURY TRIAL DEMANDED IN COMPLAINT?**
- ☒ Yes
- ☐ No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature <u>s/ Lawrence J. Mcguinness</u>     FL Bar No.: <u>814611</u>
    Attorney or party                                                                                  (Bar number, if attorney)

    <u>Lawrence J. Mcguinness</u>     <u>02/28/2017</u>
    (Type or print name)                                                                          Date

IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT IN & FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

IVAN STANOJEVIC, YVETTE :
SAAVEDRA, ADELA PORUTIU, :
PHILLIP LOPEZ, ADAM :
SABIN, VELISA SAVIC, :
CLAUDIA FUNDORA, :
JEANNE McCUE, MARIA :
ERREA, and NIKOLA :
KASALICA, :
 :
    Plaintiffs, :
 :
vs. :
 :
CG RYC, LLC, CG RYC :
OWNER, LLC and FOOD AND :
LEVERAGE, LLC d/b/a :
RIVER YACHT CLUB, :
 :
    Defendants. :  COMPLAINT
_____/

1. Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. §201 et seq. (the "FLSA"), on behalf of themselves and other similarly situated current and former tipped employees ("Servers") who work and/or worked for Defendants (hereinafter collectively referred to as the "Employer") for minimum wage violations of the FLSA, breach of agreement and for retaliation.

## A. INTRODUCTION TO THE FLSA VIOLATIONS

2. Plaintiffs (who all work and/or worked for the Employer as Servers in the past three years) and the Servers work and/or worked for the Employer currently in Miami-Dade County, Florida in its waterfront restaurant called River Yacht Club. As explained herein, Plaintiffs and the Servers are and/or were covered employees for purposes of the FLSA.

3. For Count I, Plaintiff and the Servers have the following characteristics with respect to the minimum wage allegations:

    a. The Employer paid Servers a reduced gross hourly wage pursuant to §3(m) of the FLSA;

    b. The Employer keeps all of the extra-tips (the gratuity given by the customer above the service charge) and/or illegally shares that extra-tip with non-tipped employees and/or employees who are not then working as tipped employees;

    c. The Employer keeps all or some of the service charge and extra-tips from large parties and events;

    d. The Employer required that Servers perform work and non-tipped work for free and/or at a reduced hourly wage despite the fact that they were doing work and/or non-tipped work;

    e. The Employer required that Servers purchase and maintain work uniforms at their own cost, pay for ordering mistakes, walk-outs and bad credit card charges; and

  f. The Employer failed to pay Servers for all of their actual work time in violation of the FLSA.

## B. THE EMPLOYER

4. The Employer is subject to the FLSA and is within the jurisdiction of this Court.

5. The Employer is an "enterprise" as defined by the FLSA and is subject to the FLSA.

6. Specifically, the Employer's gross annual income exceeds $500,000.00 per annum and it employs two or more employees engaged in interstate commerce. Moreover, the Employer's employees, including Plaintiff and the Servers, handled, sold, or otherwise worked on goods or materials that have been moved in or produced in commerce (e.g., alcohol, beer, ketchup, napkins, salt, pepper, etc.). As such, the Employer is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s).

7. This action is brought by Plaintiff and the Servers to recover from the Employer compensation for the Employer's minimum wage violations, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §§ 206, 207 and 216(b).

8. Concurrent jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b).

9. By reason of their employment with the Employer, Plaintiff and the Servers were employed during such period by an enterprise engaged in commerce within the meaning of 29 U.S.C. § 206(a) and 207(a). The work performed by Plaintiff and the Servers was directly essential to those interstate activities described herein which was directly essential to the business performed by the Employer. Plaintiff and the Servers, by virtue of their job duties and functions as described above, were engaged in commerce. Specifically, for every shift that Plaintiff and the Servers worked for the Employer, they dealt with credit card transactions going over state lines from customers, they served tourists and business travelers who came from other states comprising at least 50% of the Employer's business, and they served alcohol, food and food related products that came from other states. As such, based on the above, Plaintiff and the Servers were engaged in interstate commerce.

C. VENUE & JURISDICTION

10. This action is brought by Plaintiff and the Servers to recover from the Employer compensation for the Employer's minimum wage violations, as well as an additional amount as liquidated

damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §§ 206, 207 and 216(b). Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b).

11. By reason of their employment with the Employer, Plaintiff and Servers were employed during such period by an enterprise engaged in commerce within the meaning of 29 U.S.C. § 206(a) and 207(a). The work performed by Plaintiffs and Servers was directly essential to those interstate activities described herein which was directly essential to the business performed by the Employer. Plaintiffs and Servers, by virtue of their job duties and functions as described above, were engaged in commerce.

12. All conditions precedent to bringing this action have occurred, have been satisfied, or have otherwise been waived.

## COUNT I
## RECOVERY OF MINIMUM WAGE VIOLATIONS
## AGAINST THE EMPLOYER

13. Plaintiff readopts and realleges all allegations contained in ¶¶ 1-12 above.

14. At all times material hereto, the Employer failed to comply with §3(m) of the Act, Title 29 U.S.C. §§201-219 and 29 C.F.R. §516.2 and §516.4 et seq. in that Plaintiff and Servers

actually received less than the applicable minimum wage per hour for the reasons alleged at ¶3 above which resulted in a minimum wage violation.

15. As a result of the Employer's acts as described at ¶14 above, Plaintiffs' and Servers' hourly wages were below the applicable minimum wage in violation of the FLSA and/or the Employer violated the FLSA's minimum wage provisions.

16. Plaintiff and Servers are entitled to be paid at least the applicable reduced minimum wage while they are doing tipped work and no less than the minimum wage while they are doing non-tipped work.

17. As a result of the Employer's acts as described above, Plaintiff's and Servers' hourly wages were below the applicable minimum wage and/or reduced minimum wage in violation of the FLSA and/or the Employer's actions resulted in minimum wage violations.

18. The Employer knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of hourly wages to Plaintiff and Servers in accordance with the FLSA.

19. By reason of the said intentional, willful and unlawful acts of the Employer, Plaintiff and Servers have suffered damages (as described above) plus incurring costs and reasonable attorneys' fees and are entitled to damages as provided by §216 of

the FLSA. As a result of the Employer's willful disregard of the FLSA, Plaintiff and Servers are entitled to liquidated damages.

WHEREFORE, Plaintiff and Servers who have or will opt-in to this action demand judgment against the Employer for payment of all of their hours worked at the applicable minimum wage, reimbursement for all of their work related costs and expenses, liquidated damages, reasonable attorney's fees and costs of suit, injunctive and declaratory relief, and for all other relief allowed by §216(b) of the FLSA.

## COUNT II
## BREACH OF AGREEMENT
## AGAINST THE EMPLOYER

20. Plaintiff and the Servers readopt and reallege all allegations contained in ¶¶ 1-12 above.

21. At the time of hire, Plaintiffs and the Servers agreed verbally with the Employer that Servers would be paid 9.8% (9 points) (hereinafter referred to as the "Points") from the tip pool for each shift that they worked and all of their extra tips (amount paid by customer over the service charge).

22. Plaintiffs worked weekly shifts for the Employer expecting to be paid the Points and their extra tips but the Employer failed and refused to pay Plaintiffs the Points or the extra tips as agreed or to even account for the Points or the

extra tips that they were supposed to be paid causing damages to Plaintiffs.

23. Based on the above, the Employer has and is receiving a windfall at Plaintiffs' expense.

WHEREFORE, Plaintiffs demand a judgment against the Employer for their damages, plus interest, after an accounting, fees and costs pursuant to §448.08, Fla. Stat., and for all other relief allowed by law.

## COUNT III
### CLAIM OF RETALIATION AGAINST THE EMPLOYER

24. Plaintiffs IVAN STANOJEVIC, YVETTE SAAVEDRA and ADELA PORUTIU readopts and realleges all allegations contained in ¶¶ 1-12 above.

25. Shortly before they were fired, Plaintiffs IVAN STANOJEVIC, YVETTE SAAVEDRA and ADELA PORUTIU complained to the Employer's management regarding their violations of the FLSA as alleged at Count I.

26. In response to Plaintiff IVAN STANOJEVIC, YVETTE SAAVEDRA and ADELA PORUTIU's complaints as provided above, the Employer fired them in violation of the anti-retaliation provisions of the FLSA.

27. Based on ¶26, the Employer violated 29 U.S.C. §215(a)(3) causing Plaintiffs IVAN STANOJEVIC, YVETTE SAAVEDRA and ADELA PORUTIU damages and they are entitled to liquidated damages based on the Employer's reckless disregard of the provisions of the FLSA.

WHEREFORE, Plaintiffs IVAN STANOJEVIC, YVETTE SAAVEDRA and ADELA PORUTIU demand judgment against the Employer for their violation of 29 U.S.C. § 215(a)(3) for their damages, liquidated damages, reinstatement, reasonable attorney's fees and costs of suit, and for all other relief available under the FLSA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request this Court to enter a judgment awarding them all such legal, equitable, and monetary relief as will effectuate the purpose of the FLSA, their fees and costs, and all other damages and/or remedies available pursuant to the FLSA.

## JURY DEMAND

Plaintiff demands trial by jury for Counts I-III.

Respectfully submitted,

/s/ Lawrence J. McGuinness
Fla. Bar No. 814611
McGUINNESS & GONZALEZ, P.A.
Counsel for Plaintiffs
3126 Center St.
Coconut Grove, Florida 33133
Ph. No. (305) 448-9557
Fax No. (305) 448-9559
ljmpalaw@netzero.com
scheduling_ljmpa@comcast.net